### In re Henry William HOFFMANN, Debtor.

### Bankruptcy No. 93–30670.

United States Bankruptcy Court, N.D. Ohio, Western Division.

Feb. 23, 1994.

Joseph W. Westmeyer, Jr., Toledo, OH, for debtor.

Suzanne Cotner–Mandross, Chapter 12 Trustee, Toledo, OH.

John J. Hunter, Jr., Toledo, OH, for Farmers Sav. Bank.

## MEMORANDUM OPINION
## AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon remand from the Honorable John W. Potter, Senior Judge for the United States District Court for the Northern District of Ohio, Western Division, with direction to set forth with some particularity finding for cause to dismiss this case. This Court has reviewed the written objections of Counsel, all Plans and Amendments to the Plans, and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Motion to Dismiss Chapter 12 Petition by Farmers Savings Bank should be Granted.

### FACTS

Henry William Hoffmann (hereafter "Debtor") filed a Petition and Plan pursuant to Chapter 12 of the Bankruptcy Code on March 5, 1993. Farmers Savings Bank (hereafter "Farmers Savings") filed Proof of Claims averring secured claims of Sixty Nine Thousand Nine Hundred Seven and 35/100 Dollars ($69,907.35) on machinery; and Two Hundred Fifty-two Thousand Eight Hundred Thirty-five and 09/100 Dollars ($252,835.09) in real estate. On the attendant schedules, Debtor claims that Luckey Farmers, Incorporated, (hereafter "Luckey Farmers") holds a secured claim for Twenty Nine Thousand and 00/100 Dollars ($29,000.00). Suzanne

Cotner–Mandross (hereafter the "Trustee") was appointed Trustee.

Objections to Debtor's Plan were filed by the Trustee, Farmers Savings Bank, and Luckey Farmers. In addition, Farmers Savings filed a Notice of Rejection of Plan. Debtor subsequently filed an Analysis of Claim as to the Secured Portion and Unsecured Portion; Feasibility Analysis; and Liquidation Analysis. On May 14, 1993, Debtor filed a Modification to Plan and on May 20, 1993, Luckey Farmers withdrew its Objection to the Plan. However, on June 10, 1993, Farmer Savings filed a Motion to Dismiss and an Objection to Debtor's Amended Plan. Debtor filed, on June 10, 1993, an Amendment to Debtor's Modification of Plan and on June 22, 1993, Debtor filed a Second Amendment to Debtor's Modification of Chapter 12 Plan. Farmer Savings and the Trustee filed Objections to the Amended Plan. Debtor responded by filing an Explanation of Income and Expenses; an Addendum to Expenses of Income and Expenses and Second Amendment of Debtor's Modification of Chapter 12 Plan; and a Response to Farmers Savings' Objection.

Prior to the Hearing on Confirmation of October 15, 1993, Debtor filed an Explanation of Income and Expenses; an Addendum to Explanation of Income and Expenses and Second Amendment of Plan; and Response to Farmers Savings Objection to Plan. On October 1, 1993, Debtor filed a Third Amendment to Debtor's Modification of Chapter 12 Plan. Farmers Bank filed Notice of Rejection of Amended Plan and Objection to Chapter 12 Amended Plan. Debtor then filed a Payment Graph and Amortization Schedule. During this Confirmation Hearing, Debtor's case was dismissed.

During the pendency of this case, the Court convened five (5) Confirmation Hearings. The Trustee, Debtor, Debtor's Counsel and Counsel for Farmers Savings Bank appeared at all Hearings. The initial Confirmation Hearing of April 19, 1993 was continued until May 18, 1993, pending the completion of the Meeting of Creditors held pursuant to 11 U.S.C. § 341.

The second Confirmation Hearing of May 18, 1993 was continued for the reason that Debtor's Plan failed to include the claims of Margaret Miller and the United States Agricultural Service, both of whom had filed timely Proof of Claims. Additionally, the Trustee raised the issue during these proceedings of Debtor's discriminatory treatment of the unsecured creditors which is prohibited by 11 U.S.C. § 1222(b)(1). Counsel for Farmers Savings objected to Debtor's proposal that payment of the Trustee's fees be made through a reduction in payment of its claim. Further, Counsel for Farmers Savings raised the issue of feasibility of the Debtor's plan particularly since it included negative amortization for a loan secured by aged farm equipment. The Court, sua sponte, continued the Hearing on Confirmation so that Debtor could review the Court's file for other Proof of Claims and make appropriate corrections to the plan.

During the third Hearing on Confirmation which was conducted on June 10, 1993, Dan Frobase, a Wood County Extension Agent, testified that based upon the information given him, Debtor followed the best management practices in the operation of his farm; and that the Debtor's Plan looked sound. *Transcript* (hereafter *"Trans."*), pp. 4 & 6. However, upon cross-examination by Counsel for Farmers Savings, Mr. Frobase testified that based upon his lack of knowledge regarding Debtor's net disposable income or the interest rate to be paid to Farmers Savings, he would have to reconsider his previous statement regarding approval of the Plan. *Trans.*, page 9. Counsel for Farmers Savings objected to confirmation since Debtor's Plan failed to include interest on its claim. Again the Court continued the Hearing on Confirmation so that Debtor's Counsel could resolve the objection and modify the Plan accordingly, if necessary.

The Court, sua sponte, continued the fourth Hearing on Confirmation scheduled on July 22, 1993, after conducting an in camera discussion with Counsel for Debtor. The Hearing on Confirmation was reconvened on September 2, 1993. The Court proceeded with the Trustee's and Farmers Savings' Motion to Dismiss. The Trustee objected to confirmation of Debtor's Plan for the reason that an additional Seventeen Thousand and

00/100 Dollars ($17,000.00) was needed to completely amortize all claims. The Trustee also argued that Debtor's household budget of Twelve Thousand and 00/100 Dollars ($12,-000.00) was unreasonable considering that the family had spent over Nine Thousand and 00/100 Dollars ($9,000.00) from January 1, 1993 through July, 1993.

Counsel for Farmers Savings argued that Debtor's Plan should not be confirmed for several reasons as follows: (1) Debtor's last payment to Farmers Savings was in 1988 or 1989 and the unreasonable delay has caused considerable loss to Farmers Savings; (2) Debtor's plan proposes that the Debtor and Creditors share equally the costs of the Trustee's fees; (3) Debtor's Plan is unreasonable since Debtor is sixty (60) years of age; and by his Counsel's admission, his Plan would require ten (10) years for consummation; and (4) Debtor's equipment is dated and will need repairs, the costs of which are not factored into the Plan. Based upon the issues raised by the Trustee and Counsel for Farmers Savings, the Court again granted Debtor leave to submit a feasible plan within fourteen (14) days.

During the final Confirmation Hearing which was convened on October 15, 1993, the Trustee again raised the issue of the Plan's feasibility indicating that Debtor's income was illusory and that the figures presented were incalculable. Farmers Savings Bank seconded the concerns of the Trustee regarding feasibility. In addition, Counsel for Farmers Savings reiterated that the creditors had been prejudiced by the five (5) month delay awaiting confirmation; that under Debtor's plan, Farmers Savings' claim would be significantly reduced; and that pursuant to 11 U.S.C. § 1225(a)(4), Debtor's Plan fails to guarantee that Farmers Savings' allowed unsecured claim would be paid a value not less than the amount that would be paid if Debtor's estate were liquidated under Chapter 7. Debtor argues that the Plan would work since he does his own repairs. In support of the contention that the farm equipment is antiquated, Debtor's Counsel argued that the life expectancy of the equipment exceeded its depreciable value. Based upon the arguments of Counsel

and the Trustee, the Court granted Farmers Savings' Motion to Dismiss.

## ·LAW

11 U.S.C. § 105, § 506, § 1208, § 1222 and § 1225 read in relevant part:

### § 506.  Determination of secured status.

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

### § 1208.  Conversion or dismissal.

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time.

(c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—

(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;

(9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

### § 1222.  Contents of plan.

(a) The plan shall—

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and

(3) if the plan classifies claims and interests, provide the same treatment for each claim or interest within a particular class unless the holder of a particular claim or interest agrees to less favorable treatment.

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section

1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt with the debtor differently than other unsecured claims;

## § 1225. Confirmation of plan.

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, or property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income

to be received in the three-year period, or such longer period as the court may approve under section 1222(C), beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; or

(B) for the payment of expenditures necessary for the continuation, preservation, and operation of the debtor's business.

## DISCUSSION

This case is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(L). This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1334.

■■■ There has been sufficient evidence adduced from the pleadings and record which warrant dismissal of this case. First, the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 was passed to give family farmers a "fighting chance to reorganize their debts." 132 Cong. Rec. 15075 (1986). The Act was also formulated to require debtors to speedily confirm a plan of reorganization. *In re Pretzer,* 96 B.R. 790 (Bkrtcy.N.D.Ohio 1989). In the case at bar, Debtor has benefitted from this Court's protection and delayed payment to his creditors for five (5) months while he made five (5) attempts at perfecting his Plan.

Second, Debtor has suffered continuing losses to or diminution to the estate and there is an absence of reasonable likelihood of rehabilitation. 11 U.S.C. § 1208(c)(9). The Court bases this finding upon the following: (1) The admission of Debtor's Counsel that Debtor is sixty (60) years of age and that the plan, although five (5) years in length, will actually take ten (10) years, and in some instances payments of twenty (20) years, before consummation; (2) All of Debt-

or's farm assets are encumbered; (3) Debtor's income is speculative and he has no other source from which to fund his plan; (4) Debtor's taxes will increase during the pendency of the plan; however, there is no provision for increased payments; (5) Debtor has much farm equipment, some of which was built in 1955; and there is no provision factored into the plan for unexpected repairs or replacements; (6) Debtor's unreasonable request that the Creditors help fund his plan by paying one half (½) of the Trustee's fees and expenses accrued in this case; (7) Debtor's penurious household budget which, during the pendency of this case, has proven to be untenable; (8) Debtor's projected income is insufficient to pay all Creditors inside or outside of the Plan; and (9) Debtor's failure to propose payment to the unsecured claimants of a value more that what would be paid if the Debtor liquidated under Chapter 7.

■ Third, pursuant to 11 U.S.C. § 1225(a)(5), the court *shall* (emphasis added) confirm a plan only if each claimant holding an allowed secured claim accepts the plan; the plan provides for the claimant to retain the lien securing its claim; the value of property to be distributed is not less the allowed amount of such claim; or the debtor surrenders the property securing the claim; and the debtor is able to make all payments under the plan. In this case, Farmers Savings, a secured creditor, has not accepted the plan nor has the Debtor surrendered the property. Without Farmers Savings' consent, the Court is unable to confirm Debtor's plan.

■ Fourth, Debtors payment plan for Farmers Savings does not comply with Section 1225(a)(5) which requires that the secured claimant be paid value of the effective date of the plan in an amount equal to the allowed amount of the secured claim or that Debtor surrender the collateral. Farmers Savings, as of the date of filing, had a secured claim exceeding Three Hundred Thousand and 00/100 Dollars ($300,000.00). Debtor's plan proposes to pay Farmers Savings Twenty Thousand Seven Hundred and 00/100 Dollars ($20,700.00) annually during the life of the plan. Payments will increase during year three (3) when Farmers Savings will be paid an additional Ten Thousand and 00/100 Dollars ($10,000.00) annually. In effect, Debtor's proposal results in negative amortization of Farmers Savings' loan.

■ Fifth, Debtor's Third Amended Plan proposes to pay the unsecured Creditors a total sum of Eight Thousand and 00/100 Dollars ($8,000.00) on a pro rata basis to Creditors whose claims exceed Twenty Six Thousand and 00/100 Dollars ($26,000.00). Clearly Debtor's Third Amendment to Modification of Plan fails to guarantee that the minimal value paid to unsecured claimants is not less that the amount that would be paid on such claim if Debtor's estate were liquidated under Chapter 7 as required by 11 U.S.C. § 1225(a)(4).

Sixth, in accordance with the Third Amendment to Modification of Plan, Debtor has failed to identify those claimants entitled to priority under Section 507. The annual amount given to the Trustee for funding plan is insufficient to pay the unnamed priority creditors and all other Creditors albeit inside or outside of the Plan.

■ Seventh, full payment of Farmers Savings' claim, which is required under 11 U.S.C. § 1222(a)(1), has not been provided in the Plan. Under 11 U.S.C. § 1225(a)(1), this Court is unable to confirm any plan which fails to comply with the provisions of the chapter.

■ Eighth, Debtor's slipshod method of selectively including and excluding claims and the appurtenant repayment obligations convinces this Court, that Debtor's Plan and its Amendments were not proposed in good faith. Under 11 U.S.C. § 1225(a)(3), the Court is unable to confirm a plan which has not been proposed in good faith.

In conclusion, this Court finds that neither Debtor's Chapter 12 Plan, Modification to Plan, Second Amendment to Plan nor Third Amendment to Plan complies with the mandatory provisions of Bankruptcy Code with respect to its content. Under 11 U.S.C. § 1222(a)(3), secured claimants are entitled to the same treatment unless they consent to less favorable treatment. Debtor's Plan, and its Amendments and Modifications fail to

provide the same treatment to all secured creditors. Likewise, Debtor's Plan and the attendant Modifications and Amendments fail to comply with the provisions of this chapter and other applicable provisions of the title as follows:

1. Pursuant to 11 U.S.C. § 1225(a)(1), the court shall confirm a plan if it complies with the provisions of Chapter 12 and with other applicable provisions of this title. Clearly in this case, Debtor has discriminated against Farmers Savings, a secured creditor, and failed to obtain its consent for such less favorable treatment. This is impermissible under 11 U.S.C. § 1222(a)(3).

2. Pursuant to 11 U.S.C. § 1225(a)(1), Debtor has failed to identify the claimants entitled to priority under section 507 so it is difficult to determine if Debtor has provided for full payment to these claimants as required under 11 U.S.C. § 1222(a)(2).

3. Debtor fails to show that the Plan and its attendant Amendments or Modifications were proposed in good faith since they are not feasible nor do they comply with the applicable provisions of Chapter 12.

4. The Court is not convinced that the value of property to be distributed under Debtor's Plan and its attendant Modifications or Amendments on account of each allowed unsecured claim is less than the amount that would be paid on such claim if Debtor's estate were liquidated under Chapter 7.

5. Under 11 U.S.C. § 1225(a)(5), the Court cannot confirm the Plan and its Modifications or Amendments for the reason that Farmers Savings has not accepted them nor has Debtor surrendered the property securing the claim.

Based upon the foregoing, neither Debtor's Plan nor any of Amendments or Modifications to the Plan can be confirmed under 11 U.S.C. § 1225.

In judging the credibility of the witnesses and the weight given their testimony, this Court has considered the witnesses' age, intelligence, memory and demeanor while testifying. The Court has also considered the reasonableness of the witnesses' testimony in light of the evidence in the case and any interest, bias, or prejudice which they may have.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that based upon Debtor's inability to present a confirmable Plan, Debtor's Petition be, and hereby is, Dismissed.